PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF FRANCES L. | ) | |
| BINDER, JEFFERY R. SCHALMO, | ) | CASE NO.  5:25CV1125 |
| EXECUTOR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 8] |

Pending is Plaintiffs' Motion to Remand Case to State Court (ECF No. 8), filed on June

19, 2025.  The Court has been advised, having reviewed the record, the parties' briefs and the

applicable law.  For the reasons provided below, the motion is granted.

**I.  Background**

On April 30, 2025, Plaintiffs Jeffery R. Schalmo, as Executor of the Estate of Frances L.

Binder[1] and individually, and Brenda M. Schalmo filed a Complaint (ECF No. 1-1) in the Stark

---

[1]  The fiduciary was appointed by the Probate Court on January 23, 2024.  *See*
Estate of Frances L. Binder, Deceased, No. 248135 (Stark Cnty. Probate Court filed Jan.
22, 2024).

(5:25CV1125)

County, Ohio Court of Common Pleas, being Case No. 2025CV00989.  The two-count

Complaint (ECF No. 1-1 at PageID #: 9-34) names Hartford Life and Accident Insurance

Company ("Hartford") as a defendant.  The First Cause of Action is for breach of contract.  The

Second Cause of Action is for declaratory relief.  The Complaint provides, in pertinent part:

> 28.  As a direct and proximate result of the actions and omissions of
> Defendant, Plaintiffs have sustained damages as outlined in this complaint and the
> prayer for damages in an amount in excess of Twenty-Five Thousand Dollars
> ($25,000).
> 29.  Plaintiffs pray for judgment on [the First Cause of Action] in an
> amount in excess of $25,000 against Defendant[ ].
> \*   \*   \*
> **WHEREFORE**. Plaintiff, Estate of Frances L. Binder, Jeffery R.
> Schalmo, Executor, Plaintiff, Jeffery R. Schalmo, and/or Plaintiff, Brenda M.
> Schalmo, demand judgment against Defendant, Hartford Life and Accident
> Insurance Company, for compensatory damages in excess of Twenty-Five
> Thousand Dollars ($25,000), including, but not limited to, contractual damages,
> attorney fees, costs, interest, and for other costs, expenses incurred and other relief
> as this court deems just, as well as judgment against the defendants as specified
> above, and request this Court to resolve the dispute between the parties by
> declaring that the Plaintiffs are entitled to payment under the insurance contract
> issued by the Defendant.

ECF No. 1-1 at PageID #: 13-14 (emphasis in original).

On or about January 1, 2015, Defendant secured and issued a group life and accident

insurance policy.  The Policy provides for (1) an Accidental Death Benefit, (2) Accident Hospital

Income Benefit, and (3) Outpatient Care Benefit and Recuperation Benefit.  Frances L. Binder,

Plaintiff's decedent, was an insured and/or eligible person entitled to receive benefits under the

Policy.  Jeffery R. Schalmo is a primary beneficiary and Brenda M. Schalmo is a contingent

beneficiary under the Policy.  *See* ECF No. 1-1 at PageID #: 9-14.

2

(5:25CV1125)

Plaintiffs allege that on October 15, 2023, Binder was in a Covered Accident under the terms of the Policy when she was a pedestrian standing or walking on an open public street or highway and was struck and injured by a motor vehicle. Binder required and received treatment as an outpatient in the outpatient unit of a hospital within 24 hours of the date of the injury. On December 27, 2023 (73 days after the "Covered Accident"), Binder died allegedly as a direct result of the injuries sustained from the Covered Accident. After Binder's death, Plaintiffs notified Defendant of the death and allegedly made a proper and timely claim for insurance benefits pursuant to the terms of the Policy. According to Plaintiffs, Defendant must pay them accidental death and dismemberment benefits because Binder sustained an injury in a Covered Accident and such Injury resulted in the loss of life within 90 days of the date of the Covered Accident. *See* ECF No. 1-1 at PageID #: 9-14. The Complaint acknowledges and affirmatively pleads that the Policy provides for an Accidental Death Benefit for Binder's death as a result of a Covered Accident in the principal sum of $80,000. *See* ECF No. 1-1 at PageID #: 13, ¶¶ 26-27.

Defendant removed the case to this Court on May 30, 2025, on the basis of diversity jurisdiction conferred by 28 U.S.C. § 1332. *See* Notice of Removal (ECF No. 1) at PageID #: 1, § I. Plaintiffs are citizens of Ohio. Hartford is incorporated under the laws of Connecticut, with a principal place of business in Connecticut. ECF No. 1 at PageID #: 2, § 4.

On June 3, 2025, each Plaintiff executed an Affidavit, which provide, in relevant part:

The maximum amount of damages, including, but not limited to compensatory, punitive damages and attorney fees, which the Plaintiffs, Jeffery R. Schalmo, Executor of the Estate of Frances L. Binder, Jeffery R. Schalmo, individually, and Brenda M. Schalmo will be demanding collectively in this lawsuit, whether in federal court or state court, against Defendant, Hartford Life and Accident Insurance Company, will not exceed $75,000.00.

3

(5:25CV1125)

ECF Nos. 10 and 11.  Plaintiffs also filed a Stipulation of Maximum Recovery which provides, in pertinent part:

> Now come Plaintiffs and hereby stipulate that the maximum recovery the Plaintiffs can make against Defendant in this case, whether venued in Federal Court or State Court, is Seventy-Five Thousand Dollars and No/Cents ($75,000.00).  The maximum amount of $75,000.00 represents all damages which could be awarded against Defendant including, but not limited to compensatory, punitive damages and attorney fees.

ECF No. 9 at PageID #: 154.

## II.  Discussion

"To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case *exceed* a specified amount, currently $75,000." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (emphasis added).  Thus, the minimum requirement is an amount in excess of $75,000. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs. . . .") (emphasis added).  When it is not clear whether the amount of damages in the complaint satisfies the jurisdictional prerequisite, the defendant is required to show by a preponderance of the evidence that the jurisdictional amount is satisfied. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404-405 (6th Cir. 2007).  Furthermore, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly

4

(5:25CV1125)

construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citation omitted).

In *Total Quality Logistics, LLC v. Littrell*, No. 1:19-cv-42, 2019 WL 1033636 (S.D. Ohio March 5, 2019), *report and recommendation adopted*, No. 1:19cv42, 2019 WL 1370093 (S.D. Ohio March 26, 2025), the court discussed Sixth Circuit case law on the issue of post-removal stipulations at some length. *Littrell* concluded that because the plaintiff had not articulated in the original state court complaint that the amount in controversy exceeded $75,000, a post-removal stipulation that "clarified" the amount was effective to defeat federal jurisdiction. *Id.* at *3.

Defendant cites *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), in support of its argument that a unilateral post-removal reduction in the amount in controversy to less than the minimum for diversity jurisdiction does not divest the district court of jurisdiction that existed at the time of removal. In *Rogers*, the Sixth Circuit held that "the determination of federal jurisdiction in a diversity case is made at the time of removal." *Id.* at 871. The court of appeals affirmed the denial of a motion to remand that was based upon a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit. Unlike in the case at bar, in *Rogers*, the plaintiff's original state court complaint sought an amount more than twelve times the jurisdictional threshold, *i.e.*, $950,000 in damages. Although a complaint in the second action seeking damages sought to reduce that amount to below $75,000, the Sixth Circuit held that the plaintiff's first complaint, as well as sworn responses to discovery requests stating that

5

(5:25CV1125)

her amount of damages exceeded $447,000, demonstrated that the actual amount in controversy exceeded $75,000.  *Id.* at 871-72.

Although some courts have suggested that *Rogers* was effectively abrogated by the Supreme Court's statement in *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 232 (2007) (emphasis in original)  that "a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand,"[2] other courts continue to apply its rule that a plaintiff cannot defeat federal jurisdiction through post-removal amendment, when the original complaint pleaded a specific amount that clearly exceeded the jurisdictional threshold.  *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375-76 (6th Cir. 2007) (declining to reach argument whether post-removal stipulation precluded federal jurisdiction, because request for attorneys' fees when added to compensatory damages continued to exceed jurisdictional threshold).

At the same time, the *Rogers* rule has been limited in application to when the original complaint is unambiguous in stating a claim for damages in excess of $75,000.  By contrast, when the amount of damages sought in the original complaint is ambiguous, and later "clarified" by amendment or stipulation in a manner that demonstrates the amount in controversy is less than

---

[2]  *See e.g.*, *Roberts v. A & S Bldg. Sys., L.P.*, No. 3:07-cv-413, 2008 WL 220627, at *3 (E.D. Tenn. Jan. 25, 2008) (holding that *Rogers* is abrogated by *Powerex Corp.*); *Baldori v. Delta Air Lines, Inc.*, No. 1:11-CV-102, 2011 WL 1212069, at *2-3 (W.D. Mich. March 29, 2011) (collecting and discussing cases); *Gol Transportes Aeroes, S.A. v. Doyle Transp., Inc.*, No. C-1-10-3762010 WL 4939446, at *2 (S.D. Ohio Nov. 30, 2010) (same).

6

(5:25CV1125)

or equal to $75,000,[3] remand is required.  *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed.Appx. 476-481-82 (6th Cir. 2014) (holding that a post-suit affidavit that contains an unequivocal limitation on damages will defeat jurisdiction); *Egan v. Premier Scales & Sys.*, 237 F. Supp.2d 774, 778 (W.D. Ky. 2002) (same, denying remand when plaintiff's statement was "less than unequivocal" and did not sufficiently limit damages); *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) ("[l]ack of the jurisdictional amount from the outset—although not recognized until later—is not a subsequent change that can be ignored." (quoting 1 *Moore's Federal Practice* ¶ 0.92[1] (2d ed.1993))).  The effect of post-removal proceedings is case-dependent, with courts frequently called to consider post-removal amendments, stipulations, or other evidence.  Procedurally, when a plaintiff disputes a defendant's assertion of the amount in controversy and seeks remand, the parties should "submit proof" so that the trial court may decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

On the record presented in the present case, Defendant relies solely on the Complaint (ECF No. 1-1 at PageID #: 9-34), which on its face seeks "damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000)" – without stating a specific sum or total in excess of $75,000 due to Ohio state courts' pleading requirements.  Ohio R. Civ. P. 8(A) precludes the inclusion of a specific numerical demand for damages in a state court complaint.  Plaintiffs were

---

[3] *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (holding that when amount in controversy was exactly $75,000, a federal court lacks diversity jurisdiction).

7

(5:25CV1125)

required to state whether damages were sought in excess of $25,000, but the same rule prohibits

identifying "the amount of recovery sought."  In other words, Ohio R. Civ. P. 8(A) prohibits a

plaintiff from stating a definite amount in controversy and calls for that amount to remain at least

somewhat indeterminate.  Based upon the complaint's allegations that the Policy provides for an

Accidental Death Benefit for Binder's death as a result of a Covered Accident in the principal

sum of $80,000, *see* ECF No. 1-1 at PageID #: 13, ¶¶ 26-27, Defendant maintains that it has

demonstrated that the Complaint (ECF No. 1-1 at PageID #: 9-34) seeks "more than" $75,000 in

damages.

 The Court concludes, however, that remand is appropriate based upon the clarification of

damages contained in Plaintiffs' Affidavits (ECF Nos. 10 and 11) and Stipulation of Maximum

Recovery (ECF No. 9).  *See Baldori*, 2011 WL 1212069, at *3 (when the complaint demanded

unspecified damages over $25,000 but plaintiff stipulated after removal that his damages will not

exceed $75,000, the court granted plaintiff's motion to remand because the stipulation "is a

clarification of the damages sought in his complaint rather than a reduction of the amounts

claimed in his complaint").  ECF Nos. 9, 10, and 11 each provide an unequivocal "clarification

rather than a reduction of the amount in controversy."  *Egan*, 237 F. Supp.2d at 778.  "A plaintiff

may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides

specific information about the amount in controversy for the first time' " following removal.

*Shupe*, 566 Fed.Appx. at 481 (quoting *Egan*, 237 F. Supp.2d at 778).  Therefore, there is no

diversity jurisdiction in the case at bar.

(5:25CV1125)

### III.  Conclusion

For the reasons that have been articulated in the memoranda of the points and authorities (ECF Nos. 8 and 14) on which Plaintiffs rely in support of the motion, the Court finds that Defendant has not overcome the strong presumption against removal.  Plaintiffs' Motion to Remand Case to State Court (ECF No. 8) is granted.  The case is remanded to the state court from which it was removed.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED.

_____July 31, 2025_____                              _____/s/ Benita Y. Pearson_____
Date                                                            Benita Y. Pearson
                                                                   United States District Judge

9